B6-P&V-84

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY,

TEAMSTERS HEALTH & WELFARE TRUST FUND OF PHILADELPHIA AND VICINITY, and

MARIA SCHEELER, in her capacity as Administrator of both the Teamsters Pension Trust of Philadelphia & Vicinity and the Teamsters Health & Welfare Trust Fund of Philadelphia and Vicinity
2500 McClellan Avenue, Suite 140
Pennsauken, New Jersey 08109,

Plaintiffs,

v.

SRM EASTERN, LLC
1250 Calcon Hook Road
Sharon Hill, Pennsylvania 19079,

Defendant.

# COMPLAINT

Plaintiffs, Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Fund"), Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Welfare Fund" and, together with the Pension Fund, "Funds"), and Maria Scheeler, in her capacity as the Administrator of both the Pension Fund and the Welfare Fund ("Scheeler" and, together with the Funds, "Plaintiffs"), by and through their attorneys, Markowitz & Richman, hereby file this Complaint,

and with regard to the Defendant, SRM Eastern, LLC ("SRM" or "Defendant"), alleges:

**JURISDICTION AND VENUE**

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 ("LMRA"): (1) to recover employer contributions owed to Plaintiffs; (2) for liquidated damages and interest; (3) for cost and reasonable attorneys' fees; (4) to compel Defendant's compliance with the terms of certain collective bargaining agreements and trust agreements; and (5) to collect unpaid fringe benefit contributions discovered to be due and owing as a result.

2. Insofar as the claims asserted are all brought pursuant to federal statutes or are pursuant to federal common law, this Court has jurisdiction over the subject matter of this action pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1); Section 301 of the LMRA, 29 U.S.C. §185; and 28 U.S.C. §1331. To the extent that any claims are found to lie under state law, they are properly brought before this Court pursuant to its supplemental jurisdiction, as set forth in 28 U.S.C. §1367(a), as any such claims would be so related

3. Venue is proper pursuant to Section §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b), as the Funds are "employee welfare benefit plans," "welfare plans," "employee pension benefit plans," "pension plans," "employee benefit plans," "plans," and/or "multiemployer plans" within the meaning of Sections 3(1), 2(A), (3), and 37(A) of ERISA, 29 U.S.C. §§1002(1), 2(A), 3, and 37(A), and the Defendant maintains an office and facilities

within this District at the address set forth in this Complaint.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail, in accordance with Section 502(h) of ERISA, 29 U.S.C. §1132(h).

**PARTIES**

5. Plaintiff Teamsters Pension Trust Fund of Philadelphia and Vicinity is an "employee pension benefit plan," "pension plan," "employee benefit plan," "plan," and a "multiemployer plan" within the meaning of Sections 3(2)(A), (3), and (37) of ERISA, 29 U.S.C. §§1002(2), (3), and 1002(37), jointly administered by trustees representing various employers and local unions in the industry including, but not limited to, Teamsters Local Union No. 107, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Local 107" or "Union"). The purpose of the Pension Fund is to provide retirement benefits for employees employed by the participating employers pursuant to the terms and conditions of collective bargaining agreements between the employers and the unions. A number of Defendant's employees are participants in, and beneficiaries of, the Pension Fund. The Pension Fund is established pursuant to an Agreement and Declaration of Trust ("Pension Trust"), in accordance with Section 302 of the LMRA, as amended, 29 U.S.C. §186. A true and correct copy of the Pension Trust is attached hereto as Exhibit A.

6. Plaintiff Teamsters Health & Welfare Fund of Philadelphia and Vicinity is an "employee welfare benefit plan," "welfare plan," "employee benefit plan," "plan," and a "multiemployer benefit plan" within the meaning of Sections 3(1), (3), and (37)(A) of ERISA,

29 U.S.C. §§1002(1), (3), and (37)(A), also jointly administered by trustees representing various employers and local unions in the industry including, but not limited to, Local 107. The purpose of the Welfare Fund is to provide health and welfare benefits for employees employed by the participating employers and their respective eligible beneficiaries pursuant to the terms and conditions of collective bargaining agreements between the employers and the unions. A number of Defendant's employees are participants in, and beneficiaries of, the Welfare Fund. The Welfare Fund is established pursuant to an Agreement and Declaration of Trust ("Welfare Trust" and, together with the Pension Trust, "Trusts"), in accordance with Section 302 of the LMRA, as amended, 29 U.S.C. §186. A true and correct copy of the Welfare Trust is attached hereto as Exhibit B.

7. Plaintiff, Maria Scheeler, is the Administrator of both the Pension Fund and the Welfare Fund, and a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and as such brings this suit on behalf of the Funds.

8. Defendant, SRM Eastern, LLC, is a Delaware corporation (File No. 7195030) registered with the Pennsylvania Department of State through the Bureau of Corporations and Charitable Organizations as a foreign LLC in order to conduct business in the Commonwealth and maintains an office and facilities located at 1250 Calcon Hook Road, Sharon Hill, PA 19079.

**BACKGROUND**

9. At all times relevant to this action, SRM was and remains signatory to a collective bargaining agreement with Teamsters Local Union Number 107 ("Labor Contract"), and is a contributing participating employer to the Funds that is bound by the terms of the Labor

Contract. The Labor Contract sets forth the terms and conditions of employment for the employees employed by SRM, including SRM's obligation to file timely contribution reports and to make timely contribution payments to the Funds on behalf of the employees employed by SRM who perform work covered by the Labor Contract. A true and correct copy of the Labor Contract is attached as Exhibit C.

10. SRM also signed or agreed to abide by the terms of the Trusts. *See* Exhibit A, at Art. I, Sec. 7(d); Exhibit B, at Sec. 37(viii). The Trusts are agreements made between certain employers and employee representatives in an industry or industries affecting commerce in order to promote stable and peaceful labor relations. *See* Exhibits A and B.

11. Pursuant to the Labor Contract and the Trusts, SRM agreed:

(a) to make full and timely payment of contributions on a monthly basis to the Funds for each employee covered by the terms and conditions of the Labor Contract. *See* Exhibit A, at Art. VI; Exhibit B, at Sec. 4 and Sec. 24(j); and Exhibit C, at Appendix D, Sec. 3, and Appendix E, Sec. 5.

(b) to file monthly remittance reports with the Funds identifying all employees and hours of work for which contributions were required under the Labor Contract. *See* Exhibit A, at Art. VI, Sec. 1(b); Exhibit B, at Sec. 4; Exhibit C, at Appendix D, Sec. 1 and 3, and Appendix E, Sec. 2 and 4.

(c) to produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of SRM's records concerning its obligations to the Funds, and to pay the cost of the audit. *See* Exhibit A, at Art. IV, Secs. 2(d) and (aa); Exhibit B., at Secs. 4, 24(j) and (m); Exhibit C, at Appendix D, Sec. 3.

(d) to pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of SRM's failure to comply with its contractual and statutory obligations as described herein at subparagraphs (a), (b), and (c) above. *See* Exhibit A, at Art. IV, Secs. 2(d) and (aa); Exhibit B., at Secs. 4, 24(j) and (m).

12. All conditions precedent to this lawsuit and the relief it seeks have been satisfied.

**COUNT ONE**
**<u>AUDIT</u>**

13. Paragraphs 1 through 12 of this Complaint are hereby incorporated by reference as if fully restated herein.

14. The contributions that SRM is required to pay the Funds are based upon certain hours paid to those employees who perform work for SRM, the terms and conditions of which are covered by the Labor Contract.

15. The Funds are without sufficient information or knowledge to determine the extent to which SRM is delinquent to the Funds and so they are unable to plead the precise nature, extent, and amount of SRM's delinquency because the books, records, and information necessary to ascertain that liability remain in SRM's exclusive possession, custody, control, and knowledge.

16. The existence of a delinquency and, where present, the computation of the precise amount of an employer's delinquency are best determined by an audit of the employer's books and records in order to compare them to the contractually required remittance reports actually submitted by the employer to the Funds.

17. Employers are required by the Trusts, the Labor Contract, and applicable law to permit the Funds to audit its books and records, to cooperate in determining whether any contributions are due to the Funds, and to pay the costs of the audit.

18. The Funds are adversely affected or damaged by the lack of an audit as, among other things, it has a right and a duty to audit the applicable books and records of participating contributing employers so as to identify all potential participants of the Funds and to confirm all amounts due and owing from those participating contributing employers.

19. The Funds have no adequate remedy at law for lack of an audit, as the calculation of any damages suffered as a result of the breach requires an audit to determine the amount.

WHEREFORE, the Funds request that this Court:

(1) enjoin SRM, its officers, agents, servants, employees, attorneys' and all other in active concert or participation with them to permit an audit of all records under its actual or constructive control and, in the absence of records, to cooperate in alternative methods of determining those employees and/or those hours for which contributions to the Funds are due;

(2) order SRM to pay for an audit by a Certified Public Accountant chosen by the Funds; and

(3) grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT TWO
## CONTRIBUTIONS UNDER ERISA – AFTER AUDIT

20. Paragraphs 1 through 19 of this Complaint are hereby incorporated by reference

as if fully restated herein.

21. On information and belief, SRM has failed to make contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145, in a period not barred by any statute of limitations or similar bar.

22. The Funds are adversely affected or damaged by SRM's violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, the Funds request that this Court:

(1) enter judgment against SRM Eastern, LLC, and in favor of the Funds, for contributions found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count One of this Complaint, together with interest at the rate prescribed by 26 U.S.C. §6621, from the date that the original contribution payment was due until the actual date of payment; liquidated damages equal to the greater of the interest on the unpaid contributions or the liquidated damages as provided for and calculated by the documents governing the Funds or by statute; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action, including those incurred during the collection or enforcement of any judgment, all as provided for under the terms of the Trusts, the Labor Contract, and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); and

(2) grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT THREE
## CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT

23. Paragraphs 1 through 22 of this Complaint are hereby incorporated by reference as if fully restated herein.

24. The Funds are damaged as a proximate result of SRM's breach of the Trusts and the Labor Contract with respect to any amounts found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count One of this Complaint.

WHEREFORE, the Funds request that this Court:

(1) enter judgment against SRM Eastern, LLC, and in favor of the Funds, for contributions found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count One of this Complaint, together with interest from the date that the original contribution payment was due until the actual date of payment; liquidated damages; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action, including those incurred during the collection or enforcement of any judgment, all as provided for under the terms of the Trusts and the Labor Contract; and

(2) grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

Respectfully submitted,

MARKOWITZ & RICHMAN

/s/ Richard J. DeFortuna

STEPHEN C. RICHMAN, ESQUIRE
RICHARD J. De FORTUNA, ESQUIRE
KATHLEEN McPOLIN, ESQUIRE
123 South Broad Street, Suite 2020
Philadelphia, PA 19109
215-875-3100
Attorneys for Plaintiffs

DATED: October 22, 2026